## G. S. LINGS & CO., Inc., v. OKEH HOSIERY MILLS, Inc.

(Circuit Court of Appeals, Third Circuit. July 19, 1923.)

No. 2949.

Sales ⬩195—Seller refusing delivery, because buyer in default, held not entitled to recover as for buyer's breach.

Under contract of sale on buyer's sole credit, providing for payments to be made by the 10th day of month immediately following deliveries, if seller, because buyer was in default, refused to make further deliveries unless payment were made in advance, or guaranteed, it could not recover as for buyer's breach of contract.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Suit by G. S. Lings & Co., Inc., against the Okeh Hosiery Mills, Inc., for damages for defendant's failure to accept and pay for yarn which it had contracted to buy from plaintiff. Judgment of nonsuit, and plaintiff brings error. Reversed.

George W. Bristol, of New York City, and George L. Reed, of Harrisburg, Pa., for plaintiff in error.

Paul A. Kunkel, of Harrisburg, Pa., for defendant in error.

Before BUFFINGTON and DAVIS, Circuit Judges, and McKEE-HAN, District Judge.

McKEEHAN, District Judge. This writ of error brings here for review a judgment of compulsory nonsuit, and the question is this: Does the evidence compel the conclusion that the plaintiff refused or failed to make or tender deliveries because, as the defendant was in default in its payments under one of the contracts, the plaintiff insisted, as a prerequisite to further performance, that either the payments be guaranteed, or that the yarn be paid for in advance, or does the evidence also admit of the conclusion that the plaintiff was able, ready, and willing to perform, and failed to make or tender deliveries because the defendant stated that it was unable to pay for the yarn in accordance with the terms of the contracts and requested a postponement of deliveries.

The learned trial judge took the former view, and, if that view be correct, then the nonsuit was proper, because, under all three contracts, the sales were made on the sole credit of the defendant, and payments were to be made, not in advance, but by the 10th days of the months immediately following the deliveries. After a careful review of the evidence, we think that the case is one for a jury. The evidence is not entirely consistent, and it is impossible to select a single question and answer, or a single letter, as embodying the actual and entire relations and understandings of the parties. The conclusion of the learned trial judge, that the plaintiff postponed deliveries because of the defendant's failure to pay for some of the yarn already furnished under one of the contracts, is certainly justified by the evidence. But we think that the other conclusion above referred to would also be justified under the

evidence, and that the case therefore presents a question of fact which should go to a jury, under instructions that will explain and submit the debatable issue.

Judgment reversed.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes